IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**LADY B. GARTH**                                                             **PLAINTIFF**

**V.**                                                                         **NO. 1:24-CV-70-DMB-RP**

**CITY OF ABERDEEN, MISSISSIPPI;**
**CHARLES SCOTT, Mayor of the City**
**of Aberdeen, Mississippi; MONROE**
**COUNTY, MISSISSIPPI; and STATE**
**OF MISSISSIPPI**                                               **DEFENDANTS**

## ORDER

Lady B. Garth seeks emergency relief staying the Monroe County Justice Court's order mandating her incarceration for five days. Because Garth fails to meet the procedural requirements for the issuance of a temporary restraining order, her request for emergency relief will be denied.

## I
## Background and Procedural History

On April 12, 2024, Lady B. Garth filed a "Complaint for Declaratory and Injunctive Relief" in the United States District Court for the Northern District of Mississippi against the City of Aberdeen, Mississippi; Charles Scott, Mayor of the City of Aberdeen; Monroe County, Mississippi; and the State of Mississippi. Doc. #1. In the complaint, Garth alleges that on September 29, 2022, Scott "filed an affidavit against [her] in the Justice Court of Monroe County, Mississippi for alleged Disturbance In Public Place pursuant to Section 97-35-13 of the Miss. Code;"[1] "[o]n December 20, 2022, the Justice Court of Monroe County, Mississippi rendered a judgment of guilty against [her] and ordered a fine and court costs of $657.75 and five(5) days in

---

[1] According to the complaint, "[a]t all times relevant … [Garth] was a duly elected alderwoman and vice-mayor of the City of Aberdeen, Mississippi." Doc. #1 at 2.

jail;" she "filed an appeal … in the Circuit Court of Monroe County, … which was dismissed as untimely on February 14, 2023;"[2] and she "filed a Notice of Appeal in the Mississippi Supreme Court which entered a Judgment on February 29, 2024 affirming the Order of the Monroe County Circuit Court dismissing [her] appeal." *Id.* at 3–4 (quotation mark omitted). On these allegations, Garth asserts in Count I of the complaint claims under 42 U.S.C. § 1983 based on alleged violations of her First and Fourteenth Amendment rights; and in Count II, asserts a Sixth Amendment claim that she was "deprived of her constitutional right to the effective assistance of counsel … in the failure to timely appeal the criminal prosecution against her." *Id.* at 5. As relief, Garth prays for (1) a declaration "that the prosecution of [her] on the criminal charge … violated [her] constitutional rights secured by the First and Fourteenth Amendments;" (2) a declaration "that the failure of counsel … to file and prosecute a timely appeal of [her] conviction … violated [her] rights under the Sixth Amendment;" (3) "a preliminary and permanent injunction restraining and enjoining the Defendants, their agents, employees, and all persons acting in concert with them from acting to enforce the judgment entered in the Justice Court of Monroe County, Mississippi, and otherwise violating [her] constitutional rights;" and (4) reasonable costs and attorney's fees. *Id.* at 5–6.

The same day she filed the complaint, Garth filed "Plaintiff's Emergency Motion to Stay Order of Incarceration" requesting "an emergency order granting a stay of the execution of the [December 20, 2022] Order of incarceration entered in the Justice Court of Monroe County, Mississippi." Doc. #2 at 1, 3. Three days later, on April 15, 2024, Garth filed an "Amended

---

[2] The complaint references a February 14, 2023, "Final Order" attached as Exhibit "C." Doc. #1 at 4. The Final Order provides that Garth "is to report to the Monroe County Detention Center located in Aberdeen, MS on Friday, February 17, 2023 at 5:00 p.m. and stay until Wednesday, February 22, 2023 at 5:00 p.m. as she was previously sentenced to serve five (5) days jail time on December 20, 2022" and that her "failure to report to the Monroe County Detention Center on the date/time listed … will authorize and direct the Monroe County Sheriff Department to secure [her] attendance and presence at the detention center …." Doc. #1-3 at PageID 9.

2

Urgent and Necessitous Motion for Injunctive Relief" asking the Court to "enter an order … staying the execution of the [December 20, 2022] order of incarceration entered against [her] in the Justice Court of Monroe County, Mississippi."[3]  Doc. #6 at 3.  As of the filing of the April 15 motion and to date, the docket reflects that none of the defendants have been served with the complaint.

**II**
**Discussion**

Federal Rule of Civil Procedure 65 governs requests for injunctions and restraining orders.  Though Garth's April 15 motion and her April 12 motion appear to request immediate injunctive relief,[4] both fail to specify the type of emergency relief sought.  *See generally* Docs. #2, #6.  Because Garth titled her April 12 filing as an emergency motion to stay the Monroe County Justice Court's incarceration order and titled her April 15 filing as an urgent and necessitous motion for injunctive relief, and there is no mention in the motions or in the record of any notice, or attempt to provide notice, to the defendants, the Court construes both motions as requesting relief in the form of a temporary restraining order.[5]

By seeking a temporary restraining order without written or oral notice to the defendants, both motions are deficient because (1) neither is accompanied by an affidavit of specific facts or based on a verified complaint, much less an affidavit or verified complaint showing "immediate

---

[3] Earlier that day, Garth filed an identical motion along with a memorandum brief.  However, the Clerk of the Court terminated the motion and instructed Garth to refile it and the memorandum brief since Garth failed to denominate the exhibits to the motion by both an exhibit letter or number and a meaningful description as required by Local Rule 7(b)(2).  *See* Docs. #4, #5.

[4] In violation of Local Rule 7(b)(2)(F), Garth filed a proposed order on the same day as the filing of the April 15 motion (though she incorrectly docketed it as a motion) which includes proposed language that she "be released from incarceration immediately."  In accordance with Local Rule 7(b)(2)(F), the Clerk of the Court terminated the filing and instructed Garth to e-mail the proposed order to Court.  Regardless, nothing in the April 15 motion (or the complaint) alleges that Garth is presently incarcerated.

[5] To the extent Garth requests a preliminary injunction, such is an extraordinary remedy, requiring notice to the adverse party.  Fed. R. Civ. P. 65(a)(1).

3

and irreparable injury, loss, or damage will result to [Garth] before the [defendants] can be heard in opposition;" and (2) Garth's attorney has not "certifie[d] in writing any efforts made to give notice [to the defendants] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Due to these procedural deficiencies, Garth's motions will be denied.[6]

### III
### Conclusion

Garth's April 12 motion [2] and her April 15 motion [6] are **DENIED without prejudice**.[7]

**SO ORDERED**, this 16th day of April, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] For the same reasons, no hearing on the motion is required.

[7] Should Garth renew her request for a temporary restraining order, the request must comply with the Federal Rules of Civil Procedure and this Court's local rules. Whether Garth renews her request for a TRO or requests a preliminary injunction, she must accompany the request with a separate memorandum brief which includes (1) caselaw and other authority explaining why abstention principles do not apply to her request; (2) competent evidence and caselaw supporting her allegation that her ordered incarceration violates her constitutional rights and thus leads to irreparable harm—instead of relying on conclusory allegations of irreparable harm; and (3) to the extent she may already be incarcerated, caselaw and other authority explaining why a federal writ of habeas corpus is not the sole remedy for her requested relief.