IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**LADY B. GARTH**                                                                                              **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 1:24-CV-070-DMB-RP**

**CITY OF ABERDEEN, MISSISSIPPI, et al.**                                                **DEFENDANTS**

<u>**ORDER STAYING CASE**</u>

      This matter is before the court *sua sponte* for consideration of ordering a stay of the attorney conference and disclosure requirements and all discovery in this case pending a ruling on the defendant Monroe County, Mississippi's Motion to Dismiss. The plaintiff Lady B. Garth bought this Section 1983 action against Monroe County and the other named defendants seeking relief for the alleged violation of the plaintiff's First, Sixth, and Fourteenth Amendment rights in connection with her prosecution and conviction in the Justice Court of Monroe County, Mississippi for the criminal offense of disturbance in a public place. Monroe County, the only defendant which has appeared in this case, has now moved to dismiss the complaint as frivolous and for failure to state a claim upon which relief can be granted. ECF #14. Monroe County argues, among other things, that because the plaintiff's complaint challenges the validity of her state court criminal conviction, which has not been reversed, expunged, declared invalid, or called into question by federal habeas corpus, the plaintiff's claims are barred by well-established law as set forth in *Heck v. Humphrey,* 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and its progeny. Although Monroe County makes no request for a stay of discovery pending a ruling on its motion, the court finds such a stay is appropriate.

      "A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v.*

*Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (referring to power to stay proceedings as incident to such inherent powers)).  In the present case, it appears to the undersigned that Monroe County's arguments in favor of dismissal have merit.  As such, for purposes of judicial economy and to avoid the potentially unnecessary expenditure of time and resources by the litigants and counsel, the court will stay the attorney conference and disclosure requirements and all discovery in this case pending a ruling on Monroe County's motion.  For clarity, this order does not stay the plaintiff's obligation to serve process on the other defendants in a timely manner; it does not stay the other defendants' obligation, once served, to respond to the complaint; and it does not stay briefing requirements with respect to any motions filed.

THEREFORE, IT IS ORDERED that the attorney conference and disclosure requirements and all discovery in this case are STAYED pending the court's ruling on Monroe County, Mississippi's motion to dismiss.  Counsel are instructed to notify the undersigned within seven days after a ruling on the motion.

SO ORDERED, this, the 7th day of May, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE