**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**LADY B. GARTH**                                                    **PLAINTIFF**

**V.**                                                         **NO. 1:24-CV-70-DMB-RP**

**CITY OF ABERDEEN, MISSISSIPPI;
CHARLES SCOTT, Mayor of the City
of Aberdeen, Mississippi; MONROE
COUNTY, MISSISSIPPI; and STATE
OF MISSISSIPPI**                                                **DEFENDANTS**

**ORDER**

Charles Scott moves to dismiss Lady B. Garth's complaint against him based on arguments that *Heck v. Humphrey* and the *Rooker-Feldman* doctrine bar her § 1983 claims for declaratory and injunctive relief; she fails to allege sufficient facts to state a plausible constitutional claim; he is entitled to qualified immunity; and her request for declaratory and injunctive relief is not supported by any viable underlying claim. Because Garth's claims against Scott are *Heck*-barred or fail to sufficiently allege a constitutional claim, Scott's motion to dismiss will be granted.

**I
Procedural History**

On April 12, 2024, Lady B. Garth filed a "Complaint for Declaratory and Injunctive Relief" in the United States District Court for the Northern District of Mississippi against the City of Aberdeen, Mississippi; Charles Scott, Mayor of the City of Aberdeen, Mississippi; Monroe County, Mississippi; and the State of Mississippi. Doc. #1. Garth's complaint contains two counts. *Id.* at 5. Count I asserts a 42 U.S.C. § 1983 claim based on the alleged violation of her First and Fourteenth Amendment rights, and Count II asserts a Sixth Amendment ineffective assistance of counsel claim. *Id.* As relief, Garth seeks (1) a declaration "that the prosecution of

[her] … violated [her] constitutional rights secured by the First and Fourteenth Amendments;" (2) a declaration "that the failure of [her] counsel … to file and prosecute a timely appeal of [her] conviction … violated [her] rights under the Sixth Amendment;" (3) "a preliminary and permanent injunction restraining and enjoining the Defendants, their agents, employees, and all persons acting in concert with them from acting to enforce the judgment entered [against her] and otherwise violating [her] constitutional rights;" and (4) "reasonable costs and attorney's fees." *Id.* at 5–6.

On July 22, 2024, Garth filed a proof of service indicating Scott was served on April 12, 2024. Doc. #16 at PageID 71. On Garth's motion, the Clerk of the Court entered a default against Scott on August 19, 2024.[1] Docs. #21, #22. However, on September 5, 2025, the Court, on Scott's motion, set aside the entry of default.[2] Docs. #34, #36.

On September 22, 2025, Scott filed a motion to dismiss with prejudice all claims against him "pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."[3] Doc. #38 at PageID 133. Garth did not respond to the motion.

**II**
**Standard**

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam). The Court accepts all well-pleaded

---

[1] On October 1, 2024, the Court dismissed without prejudice the claims against the City. Docs. #25, #26. On January 16 and 17, 2025, respectively, the Court granted the State's motion to dismiss the claims against it and the County's motion to dismiss the claims against it. Docs. #27, #28.

[2] The Court concluded that good cause existed to set aside the default "because (1) Garth's failure to respond to the motion to set aside the default leaves Scott's representations unchallenged and undisputed, and such representations indicate the default was not willful; (2) setting aside the default is consistent with the preference for resolving disputes on their merits and causes no prejudice to Garth except to require her to prove her case; and (3) the defenses Scott identifies appear to have some merit." Doc. #36 at 2–3 (internal citations omitted).

[3] United States Magistrate Judge Roy Percy ordered Scott "to answer or otherwise respond to the complaint no later than September 22, 2025." Doc. #37.

facts in the complaint as true and views those facts in the light most favorable to the plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dall.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). Conclusory allegations or legal conclusions do not satisfy the burden required to survive Rule 12(b)(6) dismissal. *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam).

### III
### Factual Allegations

Lady B. Garth is an alderwoman and vice-mayor in the City of Aberdeen, Monroe County, Mississippi. Doc. #1 at 3. On September 29, 2022, Charles Scott, Mayor of the City of Aberdeen, signed an affidavit against Garth in the Justice Court of Monroe County, alleging "Disturbance In Public Place pursuant to Section 97-35-13 of the Miss. Code of 1972." *Id*. The affidavit specifically alleged:

> On or around the 20TH of September, 2022, [Garth] did willfully and unlawfully create a disturbance or a breach of peace of the bi-weekly Board of Alderman meeting for the City of Aberdeen by leaving the meeting, using menacing language directed to the Attorney for the City of Aberdeen and then returned to the meeting pacing around the room and made a vailed [sic] threat to the Chief of Police.

Doc. #1-1. According to Garth, the allegation arose from her speaking out as a public official on issues of public concern during a meeting of the Mayor and Board of Aldermen of the City of Aberdeen. Doc. #1 at 3.

On December 20, 2022, the Monroe County Justice Court rendered a judgment of guilty against Garth and ordered a fine and court costs of $657.75 and five days in jail. *Id.* at 4.[4] Garth

---

[4] *See* Doc. #1-2 (Monroe County Justice Court "Abstract of Court Record").

3

appealed the judgment in the Circuit Court of Monroe County but the appeal was dismissed as untimely on February 14, 2023. *Id.* That day, the Monroe County Justice Court issued a "Final Order" requiring Garth to "report to the Monroe County Detention Center located in Aberdeen, MS on Friday, February 17, 2023 at 5:00 p.m. and stay until Wednesday, February 22, 2023 at 5:00 p.m. as she was previously sentenced to serve five (5) days jail time on December 20, 2022." Doc. #1-3. Garth appealed to the Mississippi Supreme Court. Doc. #1 at 4. On February 29 2024, the Mississippi Supreme Court affirmed the Monroe County Circuit Court's order dismissing Garth's appeal. *Id*.

**IV**
**<u>Analysis</u>**

Garth's Count I § 1983 claims are brought under the First and Fourteenth Amendments based on her "prosecution … for alleged violation of a Mississippi statute," and her Count II Sixth Amendment claim is based on the alleged "depriv[ation] of her constitutional right to the effective assistance of counsel … in the failure to timely appeal the criminal prosecution against her." *Id.* at 5. Scott argues that all Garth's claims against him should be dismissed because (1) "[Garth]'s claims are barred by the doctrines of *Heck v. Humphrey* … and the Rooker-Feldman doctrine;" (2) "[Garth] fails to allege sufficient facts to state a plausible constitutional claim under 42 U.S.C. § 1983;" (3) "[he] is entitled to qualified immunity in his individual capacity;" and (4) "[Garth]'s request for declaratory and injunctive relief is not supported by any viable underlying claim." Doc. #38 at PageID 133.

**A. Count I**

**1. *Heck v. Humphrey***

Scott argues that "[Garth]'s claims directly attack the constitutionality of her misdemeanor conviction, requesting a declaratory judgment that it violated her First, Sixth, and Fourteenth

Amendment rights and seeking an injunction against enforcement," and "[b]ecause success on these claims would necessarily invalidate her conviction, which remains intact, *Heck* bars this lawsuit in its entirety." Doc. #39 at PageID 137–38.

The United States Supreme Court in *Heck v. Humphrey* held that § 1983 cannot be used to challenge the validity of a criminal judgment if such challenge necessarily requires proof of the unlawfulness of the underlying conviction or confinement. 512 U.S. 477, 486–87 (1994); *see Coleman v. Arnold*, No. 2:14-cv-135, 2015 WL 6442319, at *2 (S.D. Miss. Oct. 23, 2015) (if successful § 1983 claim "necessarily implies" conviction was invalid or unlawful, *Heck* bars such claim) (citing *Heck*, 512 U.S. at 487). To avoid directly "contraven[ing the] strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transactions," a § 1983 claim may proceed only if the underlying conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 484, 486–87 (quoting ALFRED W. GANS, CHARLES F. KRAUSE & STUART M. SPEISER, AMERICAN LAW OF TORTS 24 (1991)).

Garth's Count I claim against Scott does not overcome *Heck*'s bar. The declaratory and injunctive relief Garth prays for in her complaint specifically asks this Court to enjoin Scott (and the other named defendants) from enforcing the Monroe County Justice Court's judgment against her, and to declare that the criminal prosecution of her violated her constitutional rights. Doc. #1 at 5–6. However, Garth does not allege that her conviction was reversed, expunged, declared invalid, or called into question by a federal habeas corpus writ. *See id.* at 4 (alleging only that Circuit Court of Monroe County denied her appeal as untimely and that Mississippi Supreme Court affirmed that decision). Garth's success on her Count I § 1983 claim would result in conflicting

5

resolutions of her conviction, which *Heck* squarely bars.[5]   Consequently, Garth's claim against Scott will be dismissed.[6]

### 2.   Remaining arguments

Having determined that Garth's Count I claims against Scott are *Heck*-barred, the Court declines to address the viability of her claims under the *Rooker-Feldman* doctrine[7] or any other basis for dismissal argued by Scott.[8]

---

[5] Even if *Heck* did not bar Count I, it is properly dismissed for failure to state a claim.  In Count I, Garth appears to attempt to assert a First Amendment retaliatory prosecution claim.  Doc. #1 at 5.  But she does not allege her prosecution lacked probable cause, which is a necessary element of such a claim.  *Grisham v. Valenciano*, 93 F.4th 903, 909 (5th Cir. 2024); *Nieves v. Bartlett*, 587 U.S. 391, 401–02 (2019).  Nor does Garth contend that the Monroe County Justice Court or Circuit Court, or the Mississippi Supreme Court made an error or mistake of law in upholding her conviction.  Garth further fails to specify how Scott's actions infringed upon her First Amendment rights.  While Garth baldly alleges that she was "speaking out as a public official on issues of public concern," Doc. #1 at 3, such conclusory "formulaic recitation" of an alleged First Amendment violation does not satisfy Rule 8's pleading requirements, *Jones v. Hosemann*, 812 F. App'x 235, 240 (5th Cir. 2020) (per curiam) (quoting *Twombly*, 550 U.S. at 555).

As for Garth' alleged Fourteenth Amendment violation, she seems to utilize the Fourteenth Amendment only as a vehicle for her First Amendment claim.  *See* Doc. #1 at 1 (asserting claim "pursuant to the First and Fourteenth Amendments of the United States Constitution … to enforce [her] rights to freedom of speech.").  So, where her First Amendment claim fails, so does her Fourteenth Amendment claim.

[6] Given this, Garth is not entitled to declaratory or injunctive relief because as noted by Scott, such relief "is a remedy that must be supported by an underlying cause of action."  *Crook v. Galviz*, 616 F. App'x 747, 753 (5th Cir. 2015) (per curiam); *see* Doc. #39 at PageID 140 ("Declaratory and injunctive relief are remedies, not causes of action.").

[7] Regardless, it appears the *Rooker-Feldman* doctrine would preclude this Court from exercising subject matter jurisdiction over Garth's claims against Scott.  Under the *Rooker-Feldman* doctrine, only the United States Supreme Court has congressional authority to exercise appellate jurisdiction over state-court judgments to reverse or modify them.  *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).  A federal district court may not allow a plaintiff to effectively seek appellate review of a state court judgment that the plaintiff claims violates a federal right.  *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).  In the Fifth Circuit, application of the *Rooker-Feldman* doctrine requires a plaintiff's federal claim to be "inextricably intertwined" with the state court decision.  *Tomasella v. Kaufman Cnty. Child Support*, No. 22-10760, 2022 WL 17752124, at *2 (5th Cir. Dec. 19, 2022) (quoting *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384–85 (5th Cir. 2017)).  A claim is inextricably intertwined with the state court decision where "(1) the federal court plaintiff lost in state court; (2) the plaintiff's alleged injuries were caused by the state court judgment; (3) plaintiff's claims invite the federal court to review and reject the state court judgment; and (4) the state court judgment was rendered before plaintiff filed proceedings in federal district court."  *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).  Scott argues that "[a]ll four prongs of the Fifth Circuit's Rooker-Feldman test are met," Doc. #39 at PageID 138, and the Court cannot disagree.

[8] Scott argues that Garth's claims are barred by qualified immunity because "no constitutional violation is plausibly alleged" and "no clearly established law holds that a mayor violates the Constitution by submitting a criminal affidavit supported by probable cause, particularly where the charge results in a conviction."  *Id.* at PageID 140.  Scott's assertion of qualified immunity shifted the burden to Garth to show a violation of a clearly established constitutional right occurred.  *Converse v. City of Kemah*, 961 F.3d 771, 774 (5th Cir. 2020).  Because Garth failed to respond to

## B. Count II

Garth's Count II Sixth Amendment claim is based on allegations that her counsel's failure to timely appeal the criminal prosecution against her violated her Sixth Amendment rights. Doc. #1 at 5. Scott argues that "[he] was not [Garth's] legal counsel, nor does she allege that he interfered with her legal representation."[9] Doc. #39 at PageID 139.

Because Garth does not allege that Scott was her counsel, she fails to state a plausible Sixth Amendment claim against Scott. *See Iqbal*, 556 U.S. at 678 (complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" is insufficient) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Ballister v. Union City Jail*, No. 15-7865, 2017 WL 825218, at *4 (D.N.J. Mar. 2, 2017) ("If the individual he wished to call was not his attorney on his current criminal matter, it is unclear how the alleged denial violated Plaintiff's Sixth Amendment rights. As such, this claim will be dismissed without prejudice for failure to state a claim under *Iqbal*.") (emphasis omitted).[10]

### V
### Conclusion

Scott's motion to dismiss [38] is **GRANTED**. Garth's claims against Scott are **DISMISSED with prejudice**.

---

Scott's motion to dismiss and therefore did not address the application of qualified immunity to her claims against him, Garth fails to meet her burden of overcoming the qualified immunity defense.

[9] Scott also argues that Garth's Count I claims are barred by *Heck* because "a plaintiff cannot pursue Sixth Amendment claims under § 1983 that would necessarily imply the invalidity of a criminal conviction unless that conviction has been overturned," and "[a] judgment in her favor would necessarily call into question the validity of her conviction and sentence, which is precisely what *Heck* forbids." Doc. #39 at PageID 139. Because Scott accurately argues that "Garth does not identify [him] as her attorney or suggest he had any legal duty to provide representation [to her]," *id.*, the Court need not determine if *Heck* bars Count II.

[10] Like above, the Court need not address Scott's other arguments why Count II should be dismissed but adopts and incorporates the same reasoning articulated regarding Count I in notes 7 and 8 *supra*

**SO ORDERED**, this 1st day of June, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**